# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL L. HERRERA,

    *Plaintiff,*

vs.

HOWARD SKOLNIK, *et al.*,

    *DefendantS.*

2:08-cv-00103-RCJ-GWF

ORDER

This *pro se* civil rights suit by a prisoner in the custody of the Nevada Department of Corrections (NDOC) comes before the Court for initial review under 28 U.S.C. § 1915A. The filing fee has been paid.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are

1  accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell*
2  *v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complainant are
3  held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*,
4  404 U.S. 519, 520 (1972)(per curiam).

5       In the complaint, plaintiff seeks injunctive and declaratory relief directing state
6  correctional officials to apply the allegedly correct amount of good time and work time credits
7  to reduce his sentence and a probationary period. Plaintiff alleges that the officials have
8  failed to properly apply statutory good time and work time credits to his sentence, depriving
9  him, *inter alia*, of due process. He alleges that he pursued the issue through prison
10 administrative grievances that concluded, without a grant of relief, on November 20, 2007,
11 approximately two months prior to the filing of the federal complaint in this matter.

12      It is established law that an action seeking injunctive and declaratory relief challenging
13 the calculation of sentence credits is not cognizable under Section 1983. *See,e.g.*, *Nonnette*
14 *v. Small,* 316 F.3d 872, 874-75 (9th Cir. 2002). The appropriate remedy, if any, instead is
15 through a petition for a writ of habeas corpus brought after the exhaustion of state judicial
16 remedies. *Id.* The complaint accordingly will be dismissed without prejudice. The Court
17 finds that grant of leave to amend the complaint would be futile.

18      IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice.
19 The Clerk of Court shall enter final judgment accordingly.

20      DATED: April 18, 2008

                                                                           _____
                                                                           ROBERT C. JONES
                                                                           United States District Judge

28 (gsk)